OPINION
James H. Lawson, Jr. appeals from a judgment entered by the Montgomery County Court of Common Pleas finding him to be a sexual predator under R.C. 2950.09(B).
Lawson was indicted on three counts of rape and one count of gross sexual imposition on September 16, 1997 (Case No. 97-CR-1664). On June 8, 1998, a Bill of Information was filed charging Lawson with eight counts of aggravated robbery with firearm specifications accompanying two counts, one count of burglary, and one count of rape (Case No. 97-CR-2755). Lawson entered guilty pleas to one count of rape under 97-CR-1664, and all counts as charged under 97-CR-2755.
Lawson was convicted on his pleas and sentenced to nine years of imprisonment on each of the eight counts of aggravated robbery and four years imprisonment on the count of burglary, to be served concurrent to each other; nine years imprisonment on each of the two counts of rape, to be served concurrent with each other, but to be served consecutive to the other sentences; and three years imprisonment on each of the two firearm specifications, to be served consecutive to each other and consecutive to the sentences imposed on the other counts. Lawson's sentence totaled twenty-four years of imprisonment.
A hearing was held to determine if Lawson was a "sexual predator" under R.C. 2950.09(A). The parties submitted written stipulations in lieu of testimony. The trial court considered the stipulations, along with a psychological report from Dr. D. Susan Perry Dyer, a rebuttal report by Dr. James Daniel Barna, and the incident reports. The trial court found by clear and convincing evidence that Lawson is a sexual predator. Lawson now appeals that classification, asserting one assignment of error.
 I. The trial court determination {sic} that Appellant is a sexual predator is against the manifest weight of the evidence and contrary to law.
Lawson argues that the State failed to produce clear and convincing evidence that he is a sexual predator, therefore this classification is against the manifest weight of the evidence. We note that in weight of the evidence challenges, this court
 "[R]eview[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. In a weight of the evidence challenge, we defer to the factfinder's decision as to which testimony to credit, and to what extent to do so. State v.Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. This standard allows us to "judge the credibility of opposing opinion testimony, but not of fact testimony, unless it is so incredible that it defies belief." City of Fairborn v. Boles (May 15, 1998), Greene App. No. 97-CA-110, unreported.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In determining if a person is a sexual predator, the trial court must rely on "clear and convincing evidence." The degree or measure of proof for clear and convincing evidence is that which will produce in the trier of fact's mind a firm conviction or belief of the truth of the facts.Cross v. Ledford (1954), 161 Ohio St. 469, 477. It is more than a mere preponderance of the evidence, but does not rise to the extent of certainty that is required beyond a reasonable doubt.Id.
R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Preliminarily, Lawson argues that although the factors under R.C. 2950.09(B)(2) are facially neutral, the statutory requirement that the trial court must consider these factors violates his due process rights. He contends that the doctrine of the separation of powers prohibits the executive branch from mandating that the judiciary branch produce such specific findings of fact. We agree with Lawson, and defer to our decision in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported. In that case, White argued that R.C. 2950.09(B)(2) violated the separation of powers doctrine by limiting a trial court's ability to determine the factual issues of whether a convicted sex offender was likely to re-offend. We stated:
 The object of R.C. 2950.09(B)(2) is not to prescribe what relief a court may grant, but to produce a judicial finding of fact that conforms to legislative policy. To achieve that object, the General Assembly has prescribed evidence which the court must consider in making a finding of fact, which is whether a sexually-oriented offender is likely to re-offend. That requirement usurps the core judicial function of deciding what evidence is relevant and material to an issue of fact to be determined in an individual case.
Id. at 20. We noted that two potential due process problems arise with this usurpation: (1) a defendant is deprived of the right to contest the materiality of the evidence because the statute has predetermined what evidence is material, and (2) a strong potential for arbitrary results exists by requiring the trial court to consider the prescribed evidence "in every case." Id. at 21. We concluded, however, that the constitutional infirmities within the statute do not affect an otherwise valid and proper finding that a defendant is a sexual predator under R.C.2950.09(A).
While we remanded White's case to the trial court for a redetermination of his sexual predator classification without requiring it to consider any of the factors under R.C.2950.09(B)(2), we find a remand unnecessary in this case. Here, the trial court made a general determination that Lawson's conduct was violent and threatening, and that he was likely to re-offend. Because no evidence exists that the trial court felt compelled to consider all of the factors in the statute, we find that any error is harmless. Accordingly, this portion of Lawson's argument is sustained, however this argument does not affect the constitutionality of his sexual predator classification.
We now turn to the principal issue of Lawson's assigned error: whether the trial court's classification of Lawson as a sexual predator is against the manifest weight of the evidence. The trial court conducted a hearing to determine Lawson's status as a sexual predator, whereby the trial court considered stipulations, Dr. Dyer's report and Dr. Barna's rebuttal report. The following facts were stipulated by the parties in lieu of testimony: (1) Lawson was 27 years of age at the time of the hearing; (2) in 1994, Lawson had two assault convictions and three convictions for grand theft; (3) the victim in 97-CR-1664 was 21 years of age, and the victim in 97-CR-2755 was 35 years of age; (4) each rape involved a single victim; (5) no drugs or alcohol were used by Lawson to impair his victims or to prevent resistance; and (6) the parties incorporated by reference Dr. Dyer's report regarding Lawson's mental stability. The last stipulation stated that the nature of the sexual conduct in 97-CR-1644 was vaginal intercourse, fellatio, and digital anal penetration, and the nature of the sexual conduct in 97-CR-2755 was vaginal intercourse and fellatio. Furthermore, in both instances the victims alleged that Lawson had threatened violence if they did not comply or if they told others.
As we mentioned earlier, the trial court also considered Dr. Dyer's report. Dr. Dyer had interviewed Lawson about the events leading to the two rape convictions, and had evaluated Lawson in terms of his likelihood to re-offend under R.C. 2950.09(B). Lawson gave her an account of the two rapes. Lawson told Dr. Dyer that the first victim drove him home from a Christmas party in December of 1996, whereupon they engaged in consensual intercourse two or three times. He believed the victim had called the police because she had feared becoming pregnant and because "her father was a minister."
Notably, Lawson admitted to Dr. Dyer that he did rape the second victim on July 16, 1997. Lawson told Dr. Dyer that he and his brothers had been "hanging out" at Habitat Condominiums in West Carrollton at 2:30 a.m., waiting to rob someone. The victim pulled into the parking lot, and Lawson stated that his brothers had instructed him to "watch over" the victim while they rifled through her purse. He led her to the back of a building, away from the street lights. Lawson claimed at this point the victim stated to him that she would "do anything," and he was led to believe she wanted to have intercourse with him. He claimed that he did not threaten her, but he admitted that he "knew it was wrong."
Dr. Dyer, in evaluating Lawson, found significance in Lawson raping two women on two different occasions within a relatively short period of time, thus demonstrating "a pattern of rape behavior." She stated that Lawson has had a tendency to "act out if he feels it necessary to promote his own agenda," as evidenced by his engaging in a stand-off with corrections officers, barricading himself in his cell, threatening suicide, cutting himself, and jumping off a concrete ledge, all while residing in the Montgomery County Jail. Dr. Dyer opined that Lawson was "superficially remorseful" for the July 1997 rape, and that she suspected he might be acting remorseful to "further his own agenda." She concluded that Lawson was in "massive denial" about his sexually offensive behaviors, and stated that such denial "makes treatment more difficult, but not impossible."
Dr. Barna evaluated Dr. Dyer's report without examining Lawson. Dr. Barna concluded that Dr. Dyer's report contained "significant errors, biases, misrepresentations, and omissions." Because Lawson had not committed any prior sexual offenses, and had not completed any sexual offender treatment, Dr. Barna concluded that Lawson is not a habitual sex offender and is not a sexual predator.
After reviewing the reports and the stipulations, the trial court concluded that Lawson's conduct was "violent, was reprehensible, [and] is conduct that is threatening to other people who would be in touch with him." The trial court also determined that Lawson would likely be a repeat offender "if he gets the opportunity or unless he changes his life style and his beliefs and his propensities." As a result, the trial court classified Lawson as a sexual predator.
We find sufficient and credible evidence exists in the record to support the trial court's decision. It was for the trial court to determine whether Lawson would likely re-offend. In reviewing its determination, we must defer to the trial court's discretion in evaluating the evidence. State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported. In our opinion, the trial court's determination was not an abuse of discretion. The record indicates that Lawson raped two different women on two separate occasions within seven months. According to the victims, Lawson threatened violence in carrying out the rapes. He has previous assault and grand theft convictions. Moreover, he acted obstinately and inappropriately while residing in the Montgomery County Jail. Together, these facts support the trial court's decision.
In light of the above discussion, we find that the trial court's determination that Lawson is a sexual predator was not against the manifest weight of the evidence. His assignment of error is sustained in part and overruled in part.
The trial court's judgment is affirmed.
GRADY, P.J. and FAIN, J., concur.